UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES WASHINGTON JR.,

                              Plaintiff,

v.                                                            5:22-CV-810 (BKS/ATB)

OFFICER CHILDS and ADRIAN PARIS,

                              Defendants.

JAMES WASHINGTON JR., Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil complaint filed by pro se plaintiff James Washington Jr. (Complaint ("Compl.") (Dkt. No. 1). Plaintiff has also filed an application to proceed in forma pauperis ("IFP"), together with his Inmate Authorization Form.[1] (Dkt. Nos. 4, 5).

## I.   **IFP Application**

As to plaintiff's IFP application, the court finds that plaintiff has demonstrated sufficient economic need, and he has filed the appropriate forms. Therefore, plaintiff has met the financial criteria for proceeding IFP.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

---

[1] Plaintiff is currently confined to the Jefferson County Jail.

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

**II.   Complaint**

Plaintiff's complaint is devoid of any meaningful detail. Plaintiff appears to

allege that on April 28, 2022, defendants Adrian Paris and New York State Trooper Childs signed and prepared a false statement which they "knew was false." (Compl. at CM/ECF p. 4). Plaintiff has attached to his complaint a photograph of a hammer. (*Id.* at CM/ECF p. 7). According to plaintiff, defendant Childs took this picture of the hammer, which defendant Paris "swore" was Paris's "missing . . . 18 oz. hammer." (*Id.* at CM/ECF p. 6). However, plaintiff states that "the hammer in this picture . . . clearly says 22 oz. hammer." (*Id.*). Thus, plaintiff asserts a "false statement" was made. (*Id.*).

Plaintiff does not identify the relief he is seeking in the body of his complaint, however he has included a demand for $100,000 in his Civil Cover Sheet. (Dkt. No. 1-1).

### III. Section 1983

#### A. Legal Standards

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). While private individuals are not state actors, such individuals can be liable under Section 1983 if they acted either "jointly" or "in conspiracy" with a state actor to deprive the plaintiff of a constitutional right. *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012); *see Betts v. Shearman*, 751 F.3d 78, 84 n.1 (2d Cir. 2014).

### B. Application

There is nothing in the complaint to suggest that individual defendant Paris, the alleged complainant, is a state actor, or describing how defendant Paris otherwise conspired with defendant Childs, or any other state actor, to deprive plaintiff of a constitutional right. At best, the court interprets plaintiff's allegations to assert that defendant Childs knew the hammer depicted in the subject photograph was not the same hammer alleged to be missing by defendant Paris. However, there is no suggestion that the two individuals conspired to any extent. Because plaintiff has failed to plausibly allege that defendant Paris acted under color of state law, the complaint fails to state any claims for relief under § 1983 as against him. *See Torgerson v. Writsel*, 109 F. Supp. 2d 107, 109 (E.D.N.Y. 2000), *aff'd*, 121 F. App'x 893 (2d Cir. 2005) ("Certainly, the fact that Writsel furnished information to the police that ultimately led to Torgerson's arrest does not, by itself, support a finding of joint or conspiratorial state action in his arrest.").

## IV. *Heck v. Humphrey*

### A. Legal Standards

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

4

**B.     Analysis**

Arguably, the complaint may be construed to allege a section 1983 claim sounding in false arrest against defendant Childs. At this juncture, however, the court is unable to determine whether this cause of action is barred by *Heck*. Although it is clear that plaintiff is confined to Jefferson County Jail, he does not specify whether his current confinement is directly related to the underlying claim, nor the status of any relevant criminal proceeding. If any criminal action relative to plaintiff's allegations has since terminated, in order to recover damages for the purported false arrest, he must set forth that any convictions have been resolved in his favor. Because plaintiff has not alleged sufficient facts in this regard, the court cannot determine whether these claims may survive initial review. Thus, these claims should be dismissed without prejudice, allowing plaintiff the opportunity to plead the status of any related underlying criminal proceeding.

Furthermore, to the extent that plaintiff should amend his complaint to show that his presumed false arrest claim is not barred by *Heck*,[2] it remains incumbent on him to allege more detailed facts plausibly suggesting a violation of his constitutional rights has occurred. Fed. R. Civ. P. 8 requires a " 'short and plain statement' " of a claim, showing that " 'the pleader is entitled to relief.' " *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting Fed. R. Civ. P. 8(a)). Each statement must be "

---

[2] The Second Circuit has held that "*Heck* bars a § 1983 claim based on an extant conviction, but it has no apparent application to an anticipated future conviction." *Stegemann v. Rensselaer Cty. Sheriff's Off.*, 648 F. App'x 73, 76 (2d Cir. 2016) (finding that since plaintiff's criminal trial was still ongoing, civil relief was not categorically barred by the favorable termination rule of *Heck*). Thus, if the plaintiff's criminal action in this case is still pending, *Heck* would be inapplicable.

'simple, concise, and direct,' and must give 'fair notice of the claims asserted.' " *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). "A complaint may be dismissed under Rule 8 if it is 'so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Id.*

As it currently stands, plaintiff's complaint wholly fails to provide fair notice of the claims he attempts to assert, and is replete with conclusory statements and "naked assertions devoid of further factual enhancement" with respect to his claims. *Iqbal*, 556 U.S. at 678 (internal citations and alterations omitted). To state a false arrest claim under New York law, a plaintiff must allege that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (citations and quotations omitted).

Here, plaintiff does not describe with any sufficient detail the circumstances leading to his purported arrest, the charges ultimately brought against him as a result of any arrest, or the status of his criminal proceedings. Indeed, it is unclear whether defendant Childs even arrested plaintiff as a result of the alleged false statement. To be sure, "[i]t is not enough to declare, 'Defendants falsely arrested [or detained] me[,]'" and plaintiff must provide sufficient factual allegations, in the event that he chooses to amend his complaint, to plausibly state the elements of his claims. *Nelkenbaum v. New*

*York*, No. 19-CV-7953, 2019 WL 5538052, at *3 (S.D.N.Y. Oct. 25, 2019).

## V.     Opportunity to Amend

### A.     Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.     Application

With respect to defendant Paris, the absence of state action in a § 1983 claim is a jurisdictional defect, thus the complaint as against him is properly dismissed for lack of subject matter jurisdiction. *See Schlein v. Milford Hosp., Inc.*, 561 F.2d 427, 427 (2d Cir. 1977) (affirming subject matter jurisdiction dismissal based in part on lack of " 'state action' within the meaning of 42 U.S.C. § 1983"); *Joseph v. Ulster Cty. Cmty. Action Comm. Inc.*, 475 F. Supp. 944, 948 (S.D.N.Y. 1979) ("Because we find that there was no state action, we conclude that this Court lacks jurisdiction over plaintiff's claim under § 1983."). Accordingly, any dismissal must be without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice."). Although this court has serious doubts about whether plaintiff can amend to assert any form of federal jurisdiction over his

claims against defendant Paris, the court will recommend dismissal without prejudice and with an opportunity to amend, in order to provide plaintiff the opportunity to allege whether defendant Paris's actions are attributable to the state for purposes of a § 1983 claim.

The court will further recommend dismissing the complaint as against defendant Childs, to the extent plaintiff has alleged any claims sounding in false arrest. The court recommends dismissal of this claim without prejudice and with an opportunity to amend, in order to provide plaintiff the opportunity to allege the necessary details surrounding (1) the alleged constitutional violations, and (2) any relevant criminal proceeding. This includes the status of any charges which formed the basis for his purported arrest, in addition to the pertinent details alleging specifically how his constitutional rights were violated by each individual defendant. Last, plaintiff is advised that he must include what relief he is requesting from this court in the body of his complaint.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 4) is **GRANTED FOR PURPOSES OF FILING** at this time, and it is

**RECOMMENDED,** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** to plaintiff amending his complaint to cure the defects as stated above, and it is

**RECOMMENDED**, that if the District Judge adopts this recommendation, plaintiff be given forty-five (45) days to amend his complaint to the extent authorized,

8

and that plaintiff be advised that any amended pleading must be a **COMPLETE PLEADING, WHICH WILL SUPERCEDE THE ORIGINAL**, and that plaintiff must include all the remaining facts and causes of action in the amended complaint. **No facts or claims from the original complaint may be incorporated by reference**, and it is

**RECOMMENDED**, that if the district court adopts this recommendation, and plaintiff files a proposed amended complaint, the proposed amended complaint be returned to me for review of the amended complaint and any further orders relating to service on the defendants, and it is

**ORDERED**, that while plaintiff may file objections to this Order and Report-Recommendation, before plaintiff submits any amended pleading, he should wait for the District Court to rule on the above Orders and Recommendations.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 23, 2022

_____
Andrew T. Baxter
U.S. Magistrate Judge